### PERFECT SAFETY SCAFFOLDING CO. v. THOMAS G. CARLIN.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

EVIDENCE (§ 353*)—DOCUMENTARY EVIDENCE—RELEVANCY.

In an action for breach of an alleged oral agreement to hire hoisting machines, plaintiff offered a printed form of contract, which was undated and unsigned, but which plaintiff's witness testified was a copy of two contracts which he handed to defendant's managing officer when the agreement was made, and which he claimed such officer agreed to sign and return the following day. This was denied, though the officer admitted that the papers were handed to him, and that he said he would look them over later before signing the contract. The proposed contracts did not mention any number of machines to be installed, nor was there anything in them to indicate that the machines were rented for a period of four weeks, other than that four weeks was stated therein to be the minimum time of rental. *Held*, that the papers were inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1404–1428, 1430, 1431; Dec. Dig. § 353.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Perfect Safety Scaffolding Company against Thomas G. Carlin, a corporation. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

George F. Hickey, of New York City, for appellant.

H. Gordon Pierce, of Rochester (Joseph A. Byrne, of New York City, of counsel), for respondent.

PER CURIAM. This action was brought to recover damages for the breach of an alleged oral agreement. The plaintiff claims that the defendant agreed to hire from it 11 scaffold hoisting machines and to pay for the use of each the sum of $3 per week for a period of at least 4 weeks, and has recovered a judgment in accordance therewith.

The conversation at which the alleged agreement was made took place on September 24, 1912, between Cook, the agent for the plaintiff, and Carlin, the president of the defendant. At this conversation Cook testifies that Carlin, who was then engaged in erecting the brickwork on Ebbett's Baseball Field in Brooklyn, agreed to hire of the plaintiff 11 machines, and to pay $3 per week each for a period of 4 weeks for their use. Carlin positively denies this, and testifies that he at first refused to attempt the use of plaintiff's machines at all, for the reason that he considered it impracticable to use them on his work, but finally consented that Cook might install 100 feet, as an experiment, to show that the machines could be used on this work, and, if shown to be practicable, their further use to be decided upon later, upon the express provision, however, that the men and material for installing the machines were on the ground promptly before 10 o'clock a. m. the following day. He further testifies that the machines were not at the ground until two days after the conversation, and that he then refused to permit the experiment to proceed. In this testimony Carlin was corroborated to some extent by his superintendent, one Wilson.

The question was purely one of credibility, and we should not be inclined to disturb the judgment in favor of the plaintiff, except for the admission of a paper introduced by plaintiff and received in evidence over defendant's objection. Plaintiff offered a printed form of contract, which was undated and unsigned, but which Cook testified was a copy of two contracts which he handed to Carlin at the time the alleged agreement was made, and which he says Carlin agreed to sign and return to him the following day. Carlin denies this, but admits that he was handed two papers, which he told Cook he would "look over later, and verify your assurance that the machine is practicable before we sign any contracts." The proposed contract introduced does not mention any number of machines to be installed, and there is nothing therein to show that the machines were to be rented for a period of four weeks, other than that four weeks was stated therein to be the minimum time of rental.

The significant omissions before referred to lead to the legitimate inference that the parties had entered into no formal contract, but that one was to be entered into if plaintiff's experiment was a success.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.